**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; Retiree Medical Savings Plan; Local 150 I.U.O.E Vacation Savings Plan; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) | CIVIL ACTION<br><br>CASE NO. |
| Plaintiffs, | ) | |
| v. | ) | |
| Iron Industries, LLC, an Indiana Limited Liability Company, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF"), Retiree Medical Savings Plan, Local 150 I.U.O.E. Vacation Savings Plan (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO, bring this action to collect contributions and dues from Defendant, Iron Industries, LLC ("Iron Industries").

## COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Iron Industries is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is an Indiana Limited Liability Company engaged in the construction industry with its principal office in Kouts, Indiana.

3. In its corporate filings with the State of Indiana, Iron Industries identified Michael Szarmach as the Registered Agent (Exhibit A).

4. On June 1, 2024, Iron Industries through Michael Szarmach signed a Memorandum of Agreement ("MOA") (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement known as the Northwest Indiana Independent Building Group Agreement ("NIIBG CBA") (excerpts attached as Exhibit C).

5. On June 1, 2024, Iron Industries through Michael Szarmach signed a Memorandum of Agreement (attached as Exhibit D) with the Union that adopted the terms of a collective bargaining agreement known as the Northern Indiana Independent Contracts Group Agreement ("NIICG CBA") (excerpts attached as Exhibit E).

6. The CBAs and the Agreements and Declarations of Trust incorporated therein require Iron Industries to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

7. The CBAs and Trust Agreements specifically require Iron Industries to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting;

(e) Pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified or where the Funds refer the Employer's account to counsel;

(f) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(g) Furnish to the Funds a bond in an amount acceptable to the Funds;

(h) Pay the Funds an audit non-compliance fee of $110 per fund for each business day that requested audit documents are not produced, beginning 21 days from the demand for such documents.

8. The CBAs also require Iron Industries to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Iron Industries with respect to CRF as it does the Funds.

9. The CBAs further require Iron Industries to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Iron Industries does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

10. Iron Industries has become delinquent in the submission of its contributions due to the Funds and CRF, and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

12. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

13. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where an employer fails to submit contributions timely, ERISA explicitly authorizes the Funds to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. 29 U.S.C. § 1132 (g).

14. ERISA permits the Funds to seek and the Court to award "such legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132 (g)(2). The entitlement to equitable relief permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts

due. The entitlement to legal relief permits the Funds to recover auditors' fees and any accrued audit non-compliance fees from uncooperative employers.

15. Iron Industries has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

16. Iron Industries has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to pay auditors' fees and/or audit non-compliance fees.

17. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Iron Industries, there is a total of $132,178.82 known to be due the Funds from Iron Industries, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, interest, auditors' fees and/or audit non-compliance fees will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Iron Industries for all unpaid contributions as identified in Iron Industries' contribution reports;

B. Enjoin Iron Industries to perform specifically its obligations to the Funds, including submission of the required contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Iron Industries at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Iron Industries owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Iron Industries to pay any contributions reasonably estimated to be due by the Funds for the period when Iron Industries failed and refused to timely submit contribution reports;

D. Enter judgment against Iron Industries and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions and any auditors' fees or audit non-compliance fees that are due and owing;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Iron Industries' cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-10. CRF re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

13. Iron Industries has failed to make timely payment of all contributions acknowledged to be due according to Iron Industries' own contribution reports and the collective bargaining agreement, and Iron Industries has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Iron Industries is in breach of its obligations to the CRF under the CBAs.

14. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Iron Industries, there is a total of $2,642.98 known to be due to CRF from Iron Industries subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Enter judgment in favor of CRF and against Iron Industries for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Iron Industries' failure to submit all contributions required by the CBA;

B. Enjoin Iron Industries to perform specifically its obligations to CRF including timely submission of contributions as required by the plans and the CBAs;

C. Award CRF such further relief as may be deemed just and equitable by the Court, all at Iron Industries' cost.

**COUNT III. SUIT TO COLLECT UNION DUES**

1-10 The Union re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

13. Iron Industries has failed to make timely payment of all dues acknowledged to be due according to Iron Industries' own reports and the collective bargaining agreement. Iron Industries is required to pay liquidated damages by the CBAs. Accordingly, Iron Industries is in breach of its obligations to the Union under the CBAs.

14. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Iron Industries, there is a total of $3,087.02 known to be due to the Union from Iron Industries before the assessment of fees and costs subject to the possibility that additional dues and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Enter judgment in favor of the Union and against Iron Industries for all unpaid dues, liquidated damages, the Union's reasonable attorneys' fees and costs, including any amounts estimated to be due because Iron Industries failed to submit all dues required by the CBAs;

B. Enjoin Iron Industries to perform specifically its obligations to the Union including timely submission of dues as required by the plans and the CBAs;

C. Award the Union such further relief as may be deemed just and equitable by the Court, all at Iron Industries' cost.

Dated: October 22, 2026

Respectfully submitted,

By: /s/ Brad H. Russell
One of the Attorneys for Plaintiffs

Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6669
Fx.: (708) 588-1647

Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6669
Fx.: (708) 588-1647